UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEWAYNE BASSETT,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | No. 2:15-cv-2064-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion for a temporary restraining order.[1]

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] Plaintiff did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

## II.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**III.     Screening Order**

Plaintiff alleges he is housed on the same yard as the gang that is trying to kill him. ECF No. 1, ¶ 19; *see also id.* ¶¶ 10, 22 (alleging that he is a former member of the Northern Riders, who are are trying to kill him because of his 2009 rape conviction). He claims to have informed his correctional counselor, defendant Alcazar, that his life is in danger, and that Alcazar has responded by telling him to "just deal with it." *Id.* ¶ 19. Plaintiff, who was confined to California State Prison, Sacramento when he filed his complaint, also alleges that defendant Alcazar was going to transfer him to Kern Valley State Prison on or around July 29, 2015, where his life would also be in danger.[2] *Id.* at 1, ¶¶ 9, 13. Plaintiff claims that defendant Rasmussen, appeals coordinator, "retaliated" against him by rejecting most of his administrative appeals about this matter and that defendant Macomber, the warden of California State Prison, Sacramento, did not respond his requests to have his safety needs met.

For the limited purposes of § 1915A screening and liberally construed, the complaint states a potentially cognizable claim against defendant Alcazar under the Eighth Amendment for deliberate indifference to safety and failure to protect, by allegedly failing to protect plaintiff from threats of serious physical harm. *See Williams v. Marisol*, 1:12-cv-00730 LJO DLB, 2014 U.S. Dist. LEXIS 127002, at *13-14 (E.D. Cal. Sept. 10, 2014) ("the Eighth Amendment protects against future harm to inmates because inmates must be furnished with basic human needs, one of which is 'reasonable safety'"). However, as explained below, the allegations against defendants Macomber and Rasmussen are not sufficient to support a proper claim for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal

---

[2] Apparently Alcazar did not follow through with this threat of transfer, as plaintiff's November 12, 2015 filing (ECF No. 9), shows that he is now housed at Pleasant Valley State Prison.

connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Here, plaintiff improperly attempts to impose liability on defendant Macomber simply because of his role as a supervisor. Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Plaintiff's unsupported and conclusory allegations that defendant Macomber is liable for the actions of defendant Alcazar fall far short of what is required to demonstrate Macomber's involvement or personal participation in any constitutional deprivation. The claim against defendant Macomber is therefore dismissed with leave to amend.

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on defendant Rasmussen simply because he played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Moreover, to state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

4

1 correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct
2 protected by the First Amendment includes communications that are "part of the grievance
3 process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert
4 a retaliation claim, he must specifically identify the protected conduct at issue, name the
5 defendant who took adverse action against him, and plead that the allegedly adverse action was
6 taken "because of" plaintiff's protected conduct.

7 Thus, plaintiff may either proceed only on the claim against defendant Alcazar, identified
8 above, or he may amend his complaint to attempt to cure the deficiencies identified herein.
9 Plaintiff is not obligated to amend his complaint.

10 Any amended complaint must cure the deficiencies identified above and also adhere to the
11 following requirements:

12 Any amended complaint must identify as a defendant only persons who personally
13 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
14 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
15 constitutional right if he does an act, participates in another's act or omits to perform an act he is
16 legally required to do that causes the alleged deprivation).

17 It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).
18 Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*
19 *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

20 Any amended complaint must be written or typed so that it so that it is complete in itself
21 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
22 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
23 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
24 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
25 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
26 1967)).

27 /////
28 /////

5

1   The court cautions plaintiff that failure to comply with the Federal Rules of Civil
2   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
3   *See* E.D. Cal. L.R. 110.

4   **IV.    Motion for a Temporary Restraining Order**

5   Plaintiff also seeks a temporary restraining order requesting that defendants be prevented
6   from transferring him to "any yard housing Northern Riders where plaintiff's life will be in
7   immediate danger." ECF No. 2 at 1.

8   A temporary restraining order may be issued upon a showing "that immediate and
9   irreparable injury, loss, or damage will result to the movant before the adverse party can be heard
10  in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status
11  quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no
12  longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The
13  standards for granting a temporary restraining order and a preliminary injunction are identical."
14  *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l*
15  *Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an
16  analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary
17  restraining order).

18  A preliminary injunction will not issue unless necessary to prevent threatened injury that
19  would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc.*
20  *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
21  F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching
22  power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*,
23  326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party
24  must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable
25  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
26  injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
27  2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has
28  also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing

6

the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The merits of plaintiff's claim against defendant Alcazar are premised on the allegation that he was deliberately indifferent to serious threats of physical harm against plaintiff. However, plaintiff does not establish that he is likely to succeed on this claim and a preliminary injunction limiting where plaintiff can be transferred must be denied. Plaintiff's complaint alleges that the Northern Riders gang members present a risk of harm to him at California State Prison, Sacramento and at Kern Valley State Prison. Plaintiff is not currently housed at either institution and there is no indication that a transfer to either institution is imminent. Thus, plaintiff has not shown that the injunction sought is necessary to preserve the court's ability to grant effective relief on his claim and that it is the least intrusive means for doing so. The allegations against Alcazar, while sufficient to meet the liberal pleading requirements for stating a cognizable claim for relief, do not demonstrate that plaintiff will suffer irreparable harm without the court's intervention.

Moreover, prisoners have no Fourteenth Amendment liberty interest in avoiding being transferred to another prison (or being housed in a particular institution). *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. *Olim*, 461 U.S. at 245; *Vitek v. Jones*, 445 U.S. 480, 489 (1980); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (due

process protections generally do not apply when prison officials change an inmate's place of confinement, "even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another").

Plaintiff also fails to present evidence establishing that the balance of equities tips in his favor or that the requested injunctive relief is in the public interest. Thus, plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief, and his request must be denied.

**V.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 9) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The allegations in the pleading are sufficient to state a potentially cognizable Eighth Amendment deliberate indifference to safety/failure to protect claim against defendant Alcazar. All other claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the October 1, 2015 complaint (ECF No. 1), one USM-285 form and instructions for service of process on defendant Alcazar. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Alcazar will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

     5.  Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEWAYNE BASSETT,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | No. 2:15-cv-2064-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment claim against defendant Alcazar:

      <u>  1  </u> completed summons form

      <u>  1  </u> completed forms USM-285

      <u>  2  </u> copies of the endorsed October 1, 2015 complaint

OR

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

                                                                                     Plaintiff

Dated: